**JIN QUAN CHEN, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Department of Homeland Security, Respondent.**

**No. 04–1112–ag.**

United States Court of Appeals, Second Circuit.

April 25, 2006.

K. Steven Zimmerman, New York, New York, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, (Madelyn E. Johnson, Siu P. Wong, Assistant United States Attorneys, on the brief), Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Jin Quan Chen, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C.

§ 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

The IJ found Chen lacked credibility for a number of reasons. The IJ noted, inter alia, minor discrepancies between the airport interview and later statements. The IJ neglected, however, that during Chen's credible fear interview, he denied having phrased his answers as they appeared in the record of the airport interview and called the interpretation into question.

This Court has elaborated on several factors that may undermine the reliability of airport interviews, including how much detail was elicited by the questions. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 180 (2d Cir.2004). It is apparent from the record in this case that the questions posed to Chen during the airport interview elicited noticeably less detail than those posed at the credible fear interview, during which Chen explained the apparent inconsistencies.

The IJ also found that Chen's testimony was inconsistent with his credible fear interview. However, many of the alleged inconsistencies to which the IJ points are not inconsistent at all. Moreover, the IJ's findings are undermined when considered in the context of the entire record. *See Secaida–Rosales,* 331 F.3d at 308 (noting that credibility findings should be measured against the entire record).

Although these were not the only bases for the IJ's adverse credibility finding, having reviewed the other bases, we are not confident that the IJ would adhere to the finding absent this flawed reasoning. We therefore remand to the BIA for further consideration. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order

is VACATED, and the case is REMAND-ED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1). Any other motions that may be outstanding are also DENIED as moot.